*E-Filed 9/16/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A, TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, its successors and/or assigns.<br><br>    Plaintiff,<br><br>    v.<br><br>MARIO MARGO,<br><br>    Defendant.<br>_____/ | No. C 11-03935 RS<br><br>**ORDER OF SUMMARY REMAND** |

    This case was removed from Alameda Superior Court where it was pending as an unlawful detainer action against pro se defendant Mario Margo. On August 4, 2010, Plaintiff Wells Fargo filed a First Amended post foreclosure unlawful detainer claim against Margo. Under 28 U.S.C. § 1446(c)(4), when a notice of removal is filed, the court is directed to examine it "promptly" and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." In this case, summary remand is appropriate.

    Margo removed this action pursuant to 28 U.S.C. § 1331 alleging that this action arises under federal law. The existence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002). The rule applies equally to evaluating the existence of federal questions in cases brought initially in this Court and in removed cases. *Id.* at n. 2. Under that rule, a federal question must be

presented by what is or should have been alleged *in the complaint. Id.* at 830. Thus, the fact that a federal question may be implicated through matters raised by demurrer, answer, or counterclaim is insufficient.

According to Margo, the plaintiff violated a number of provisions in the Helping Families Save Their Homes Act of 2009 by not providing him with 90 day notice to quit. *See* Public Law 111-22. It is unclear whether this federal law is relevant to his defense or potential counterclaim. In either case, the purported federal question is not raised in plaintiff's complaint and therefore does not give rise to removal jurisdiction.

Accordingly, this action is hereby remanded to the Alameda Superior Court. Plaintiff's pending motion to remand is denied as moot.

IT IS SO ORDERED.

Dated: 9/15/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE